(No. 74-CV-17— )

VIOLET MAE WATERMANN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

VIOLET MAE WATERMANN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on November 6, 1973, 207 East Chicago Street, Elgin, Kane County, Illinois. Violet Mae Watermann, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et. seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Violet Mae Watermann, age 56, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit: "Aggravated Battery",

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on November 6, 1973, claimant was stabbed twice by an unidentified assailant, during an apparent robbery of her store at 207 East Chicago in Elgin.

3. That an investigation by the police investigators after the crime was committed presents no evidence of any provocation by the victim for the attack upon her.

4. That the victim was hospitalized from November 6, 1973, to November 11, 1973, as a result of the injuries she received as a result of the stabbing of November 6, 1973. A further, and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and her assailant were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. The investigation is presently continuing.

7. That the claimant seeks compensation under the Act for loss of earnings caused by her absence from her store as a result of her injuries.

8. That the victim was unable to work during the period of November 6, 1973, to November 20, 1973, as a result of her injuries; that she sustained loss of earnings

during this period in the amount of $375.00 based on her average monthly earnings for the 6 months immediately preceeding her injury. This amount is compensable pursuant to the following provision in Sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

9. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Loss of earnings | $ 375.00 |
| 2) | Hospital | $ 451.75 |
| 3) | Medical | $ 207.00 |

$1,033.75

10. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefits of the applicant . . .)".

11. That, in the claim before us, the benefits received by the claimant, as contemplated by Sec. 7(d) of the Act, were shown to be in the total sum of $684.70. This amount, the statutory deduction of $200, and an uncompensable service charge of $2.05 having been deducted from the gross amount of loss shown in Par. 9, leaves an amount of $147.00 as the actual compensable loss sustained by the claimant. Hence, the claimant is entitled to an award in the amount of $147.00.

It Is Hereby Ordered that the total sum of $147.00 (One Hundred Forty Seven Dollars) be awarded to the claimant, an innocent victim of a violent crime.